**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELLEY TROY COOLEY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 11-99 Johnstown** |
| **v.** | ) | **District Judge McLaughlin** |
| | ) | |
| **DR. RICHARD ZEWE, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [ECF No. 18] be denied.

By separate Order filed this day, Plaintiff will be directed to file a comprehensive

Amended Complaint.

**II.    REPORT**

**A.     Relevant Background**

Plaintiff Kelley Troy Cooley, currently incarcerated at the State Correctional Institution

at Laurel Highlands in Somerset, Pennsylvania, presented this civil rights complaint against Dr.

Richard Zewe; Facility Manager Melvin Lockett; Jane Doe Dental Assistant; the Correctional

Bureau of Health Care Services; John Wetzel, the Corrections Secretary; the Correctional

Physician Service, Inc.; Pennsylvania Department of Corrections; and Carole Scire, Grievance

Coordinator.  Plaintiff alleges that Defendants have violated his constitutional rights by failing to

provide him with proper dental treatment.

Initially, Plaintiff sought leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915 and this Court granted that motion. ECF No. 1. Defendants, through the Office of the Attorney General, have filed a motion to dismiss arguing that Plaintiff should be precluded from prosecuting this case *in forma pauperis* under the "Three Strikes Rule." ECF No. 18.

In response to the pending dispositive motion, Plaintiff has filed his "Proposed Amendment to the Original Complaint and Answer to the Defendant's [sic] Summary judgment." ECF No. 23. In this filing, Plaintiff advances arguments opposing the motion to dismiss, and raises new allegations against existing Defendants and seeks to name new Defendants. Additionally, Plaintiff has filed "Affidavits and Exhibits in Support of Claims in this Civil Action, Original and Amended Complaints" (ECF No. 24) and "Plaintiff [sic] Request to Supplement Complaint" (ECF No. 26). In these documents, Plaintiff raises new allegations that post-date the filing of the Original Complaint and again seeks to change the Defendants to this action.

At this early stage of the litigation, Plaintiff will be allowed to amend his original complaint. However, Plaintiff will not be permitted to "supplement" the complaint multiple times with an ongoing narrative of events. Plaintiff must file a single all-inclusive amended complaint. The amended complaint should contain all of the factual and legal allegations and it must name all of the Defendants against whom Plaintiff wishes to proceed.

**B.      The "Three Strikes" Provision of the Prison Litigation Reform Act**

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. §

1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).[1]  Importantly, the statute does not bar disqualified inmates from filing

additional lawsuits.  Instead, the statute denies them "the opportunity to proceed *in forma*

*pauperis* and requires them to pay the required filing fee" in full prior to filing the action.

Brooks-Bey v. Schmerfelt, 2011 WL 1398472, at *1 (M.D. Pa. March 21, 2011).

Plaintiff Kelley Troy Cooley has been a prolific filer in this federal court.[2]  At least three

of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a

claim:

> Cooley v. Ian Murray, Esq., C.A. No. 93-180E - dismissed by District Judge Mencer as frivolous under 28 U.S.C. § 1915 by Order dated July 29, 1993;
>
> Cooley v. Doctor Cerami, C.A. No. 97-28E - dismissed by this Court for failure to state a claim by Order dated September 1, 1998;

---

[1] It is a plaintiff's burden to prove entitlement to *in forma pauperis* status.  Robert v. Walls, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) citing White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

[2] Besides the cases listed herein, Plaintiff has filed numerous other lawsuits in this federal district court, including: C.A. No. 95-61E, Cooley v. Brennan, et al (prisoner civil rights); C.A.No. 95-217E, Cooley v. Gadley (prisoner civil rights); C.A. No. 95-231E, Cooley v. Brennan (prisoner civil rights); C.A. No. 06-178E, Cooley v. City of Erie, et al (prisoner civil rights); C.A. No. 06-179E, Cooley v. WSEE-35, et al (prisoner civil rights); C.A. 07-208E, Cooley v. Sheriff Merski, et al (prisoner civil rights); C.A. No. 10-1E, Cooley v. Smeal, et al (habeas corpus); C.A.No. 10-2E, Cooley v. Smeal, et al (habeas corpus).

Cooley v. Sgt. Barber, et al, C.A. No. 06-160E – dismissed by this Court for failure to state a claim by Order dated July 5, 2007;

Cooley v. DiVecchio, Appeal No. 00-1205 – dismissed by the Third Circuit[3] due to Plaintiff's failure to file brief and appendix by Order dated June 11, 2010;

Cooley v. English, Appeal No. 00-3480 – dismissed by the Third Circuit based on lack of appellate jurisdiction by Order dated August 29, 2001; and

Cooley v. English, Appeal No. 00-3196 – dismissed by the Third Circuit based on lack of appellate jurisdiction by Order dated July 12, 2000.

Despite his argument that not all of these previous dismissals count as "strikes" against him, Plaintiff Kelley Troy Cooley is subject to the "three strikes" rule. However, the statute provides that an indigent inmate may overcome the bar of the "Three Strikes Rule" if he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Third Circuit has explained that: "imminent dangers are those dangers which are about to occur at any moment or are impending. [...] By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

In determining whether the exception to the "Three Strikes" bar applies, a district court operates under the following standard of review:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit 'factual claims of imminent danger that are clearly baseless, i.e., allegations that are fantastic or delusional and rise to the level of the irrational or wholly incredible.' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) citing Denton v. Hernandez, 504 U.S. 25, 33 (1992). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32.

---

[3] Dismissals at the appellate level constitute § 1915(g) strikes. Campbell v. Clarke, 481 F.3d 967, 969 (7th Cir. 2007) (the dismissal of an appeal from a dismissed complaint constitutes two independent strikes).

Brown v. City of Philadelphia, 331 Fed.Appx 898, 899 (3d Cir. 2009). However, an indigent inmate's "allegations of imminent danger must be construed liberally in his favor." Williams v. Forte, 135 Fed.Appx 520, 521 (3d Cir. 2005) citing Gibbs v. Cross.

Here, in his Original Complaint, Plaintiff alleges that Defendants have withheld needed dental treatment and care. He claims that as a consequence of the inadequate dental treatment, he is in pain and his mouth bleeds and has a foul odor. Further, he claims that due to the pain, he is forced to eat only soft foods and he has lost a great deal of weight. These allegations are sufficient to satisfy the threshold criterion of the imminent danger exception. This Court expresses no opinion on the merits of Plaintiff's allegations, but these allegations are sufficient to satisfy the imminent danger exception so that Plaintiff should be allowed to proceed in forma pauperis.

## III.    CONCLUSION

Based on the foregoing, it is respectfully recommended that the motion to dismiss [ECF No. 18] be denied.

By separate Order filed this day, Plaintiff will be directed to file a comprehensive Amended Complaint.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation in accordance with the schedule established in the docket entry indicating the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, ___

F.3d ___, 2011 WL 635274, at *4 n.7 (3d Cir. Feb. 9, 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d

Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  December 9, 2011