# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**KELLEY TROY COOLEY,**

    Plaintiff,   Civil Action No. 11-99JOHNSTOWN

    v.   District Judge McLaughlin

**DR. RICHARD ZEWE, DMD, et al,**

       Magistrate Judge Baxter

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Plaintiff's requests for preliminary and permanent injunction [ECF Nos. 39 and 47] be denied.

**II.   REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights actions on April 19, 2011. On January 23, 2012, Plaintiff filed an Amended Complaint. ECF No. 36. The Amended Complaint claims constitutional violations based upon medical/dental care Plaintiff has received in prison.

Plaintiff filed a "Request for Preliminary and Permanent Injunction against the Defendants and Staff." ECF No. 39. Plaintiff requests that this Court issue an order against Defendants directing prison staff "to stop denying me access to the courts, to allow me to continue making copies, and to stop there [sic] illegal act to go against the policy of the

1

Department of Corrections to provide Venda card service through the library staff." Id. at 5. Later, Plaintiff filed a "Request an Emergency Grant of the Permanent Injunction against Defendants and Staff," along with a request for reconsideration of this Court's denial of the appointment of counsel[1]. ECF No. 47. Plaintiff seeks an order from this Court transferring him to a "safer state prison." Id. at 3. Plaintiff seeks this transfer to avoid "being placed in RHU for his own protection." Id. at 1.

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010)

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.Appx. 550, 554 (3d Cir. 2003). Because a preliminary injunction is an extraordinary remedy, the party seeking the injunctive relief must demonstrate, at a minimum, that he has a likelihood of success on the merits and that he likely faces irreparable harm in the absence of an injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).

---

[1] Plaintiff's request for reconsideration on the appointment of counsel issue shall be addressed by separate order.

As these elements suggest, there must be a "relationship between the injury claimed in the party's motion [for injunctive relief] and the conduct asserted in the complaint." Little v. Johns, 607 F.3d 1245, 1251 (10th Cir. 2010). See also Ball v. Famiglio, 396 Fed.Appx 836, 837 (3d Cir. 2010). Here, Plaintiff's request for injunctive relief bears no logical nexus to the Eighth Amendment deliberate indifference claims raised in the Amended Complaint. Additionally, Plaintiff has not demonstrated that he will be irreparably harmed if the injunction does not issue, nor has he shown that he is likely to succeed on the merits of his underlying claims. Therefore, Plaintiff's requests for injunctive relief are inappropriate and should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's requests for preliminary and permanent injunction [ECF Nos. 39 and 47] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 5, 2012