IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLEY TROY COOLEY,** | ) |
| Plaintiff, | ) Civil Action No. 11-99JOHNSTOWN |
| | ) |
| v. | ) District Judge McLaughlin |
| | ) |
| **DR. RICHARD ZEWE, et al,** | ) Magistrate Judge Baxter |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [ECF No. 51] be granted in its entirety. The motion to dismiss should be granted regarding Plaintiff's *in forma pauperis* status in that Plaintiff's *in forma pauperis* status should be revoked and he should be required to pay the full filing fee of $350.00 before this case is allowed to proceed any further. In the event Plaintiff fails to pay the full filing fee, this entire case should be dismissed.

It is further recommended that the motion to dismiss [ECF No. 51] should be granted based upon the improper joinder of claims and parties in the current Amended Complaint. While the current Amended Complaint [ECF No. 36] should serve as the functional complaint in this case, all references to claims arising after Plaintiff's transfer from SCI Pittsburgh around April 2011 should be stricken and the Clerk of Courts should be directed to terminate Carberry, Williams, and Pitkins as Defendants to this action.

It is further recommended that Plaintiff's motion for leave to file another Amended Complaint [ECF No. 63] be denied.

1

## II. REPORT

### A. Relevant Background

Plaintiff Kelley Troy Cooley, formerly an inmate[1] incarcerated within the State Correctional System of Pennsylvania, presented this civil rights complaint in April of 2011, along with a motion for leave to proceed in forma pauperis. Originally named as Defendants to this action were: dentist Dr. Richard Zewe; Facility Manager Melvin Lockett; Jane Doe Dental Assistant; and Carole Scire, Superintendent Assistant/Grievance Coordinator, all of SCI-Pittsburgh. Additionally, Plaintiff named the Correctional Bureau of Health Care Services; John Wetzel, the Corrections Secretary; the Correctional Physician Service, Inc.; and the Pennsylvania Department of Corrections as Defendants. Plaintiff alleges that beginning around August of 2010 and extending through April 15, 2011, Defendants violated his constitutional rights by failing to provide him with proper dental treatment during his incarceration at SCI-Pittsburgh. As relief, Plaintiff sought monetary, declaratory, and injunctive[2] relief.

Initially, Plaintiff sought leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915[3] and this Court granted that motion. ECF No. 1. Defendants, through the Office of the Attorney General, filed a motion to dismiss arguing that Plaintiff should be precluded from prosecuting this case *in forma pauperis* under the "Three Strikes Rule." ECF No. 18. In response to the motion to dismiss filed by Defendants, Plaintiff filed a "Proposed Amendment to

---

[1] Plaintiff was incarcerated on the date he filed this action, but has since been released from prison.

[2] Plaintiff's request for injunctive relief has become moot since his release from prison.

[3] It is a plaintiff's burden to prove entitlement to *in forma pauperis* status. Robert v. Walls, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) citing White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

the Original Complaint and Answer to the Defendant's [sic] Summary judgment" which raised new allegations against the existing Defendants and sought to name new Defendants. ECF No. 23. Plaintiff also filed "Affidavits and Exhibits in Support of Claims in this Civil Action, Original and Amended Complaints" (ECF No. 24) and "Plaintiff [sic] Request to Supplement Complaint (ECF No. 26). In these two documents, Plaintiff raised new allegations that post-dated the filing of the Original Complaint and again sought to change the individuals named as Defendants to this action.

By Report and Recommendation filed December 9, 2011, this Court concluded that Plaintiff was subject to the three-strikes rule of the Prison Litigation Reform Act, but nevertheless recommended the denial of the motion to dismiss as Plaintiff had set forth allegations sufficient to satisfy the threshold criterion of the "imminent danger" exception. ECF No. 30. The Report and Recommendation further explained that Plaintiff should be allowed to file a single all-inclusive Amended Complaint, but that Plaintiff would not be permitted to "supplement" the complaint multiple times with an ongoing narrative of events. Id.

District Judge Sean J. McLaughlin adopted the Report and Recommendation as the opinion of the Court. ECF No. 32. Thereafter, Plaintiff was directed to file a single comprehensive Amended Complaint. ECF No. 33. Plaintiff was warned that the Amended Complaint must list all of the Defendants against whom Plaintiff wished to proceed and should contain all of the factual and legal allegations. Id.

Plaintiff's Amended Complaint was filed on January 23, 2012. ECF No. 36. In addition to the previously named Defendants, Plaintiff added three individuals from SCI Laurel Highlands as Defendants to the lawsuit: dentist Dr. Jeffery Carberry; dental assistant Hattie

3

Williams, and former Superintendent David Pitkins[4]. Besides providing a continuing narrative about the alleged inadequacy and delay regarding his dental care, Plaintiff also added new unrelated claims including retaliation, denial of parole, conspiracy, discrimination, and violations of the Equal Protection and Due Process Clauses. The time frame of the Amended Complaint begins in August of 2010 and runs through January 23, 2012.

In response to the Amended Complaint, Defendants filed a motion to dismiss arguing: 1) the current Amended Complaint does not meet the imminent danger exception in order to overcome Plaintiff's Three Strikes status; and 2) the current Amended Complaint improperly joins unrelated parties and claims. ECF No. 51. As relief, Defendants request that this Court: (1) vacate the order granting *in forma pauperis* status to Plaintiff; (2) deny Plaintiff's *in forma pauperis* motion; and (3) dismiss the complaint without prejudice to reopening the case if Plaintiff pays the entire filing fee within sixty days of the date of the order or dismiss the case with prejudice. Id.

Plaintiff filed an Opposition brief, as well as a motion to amend with another proposed Amended Complaint. ECF Nos. 61-63. The proposed Amended Complaint, which remains pending, seeks to add new Defendants: Health Care Service, Parole Board, and Parole Agent Kuffer, as well as new claims.

These issues are fully briefed and are ripe for disposition by this Court.

**B.     Standards of Review**

       **1)**     ***Pro Se* Litigants**

---

[4] Plaintiff also dropped Defendants Jane Doe dental assistant and Correctional Physicians Service, Inc.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal,

5

___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. The "Three Strikes" Provision of the Prison Litigation Reform Act[5]

Defendants move to dismiss the current Amended Complaint based upon Plaintiff's previous three strikes and now argue that (although the Original Complaint made sufficient allegations of imminent danger), the current Amended Complaint does not allege the imminent danger of serious physical harm necessary to overcome the three strikes rule.

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[5] Although Plaintiff is no longer incarcerated, this case remains subject to the requirements of the PLRA since he was a prisoner when he filed this action. See Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002) (plaintiff, who filed suit prior to his release from prison, was bound by the requirements of the PLRA and could not free himself of its strictures by amending his complaint after his release); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998) (for purposes of PLRA, "prisoner" refers to the plaintiff's status at the time the litigation begins). See also George v. Chronister, 319 Fed.Appx 134, 136 (3d Cir. 2009) (for exhaustion purposes under the PLRA, the plaintiff's status as a "prisoner" is determined at the time his complaint is filed in court, not when the alleged incident occurred); George v. Hogan, 2008 WL 906523 (M.D. Pa.); Latona v. Pollack, 2007 WL 4241893 (W.D. Pa.).

7

28 U.S.C. §1915(g).[6]

Plaintiff Kelley Troy Cooley has been a prolific filer in this federal court.[7] At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim:

> Cooley v. Ian Murray, Esq., C.A. No. 93-180E - dismissed by District Judge Mencer as frivolous under 28 U.S.C. § 1915 by Order dated July 29, 1993;
>
> Cooley v. Doctor Cerami, C.A. No. 97-28E - dismissed by this Court for failure to state a claim by Order dated September 1, 1998;
>
> Cooley v. Sgt. Barber, et al, C.A. No. 06-160E – dismissed by this Court for failure to state a claim by Order dated July 5, 2007;
>
> Cooley v. DiVecchio, Appeal No. 00-1205 – dismissed by the Third Circuit[8] due to Plaintiff's failure to file brief and appendix by Order dated June 11, 2010;
>
> Cooley v. English, Appeal No. 00-3480 – dismissed by the Third Circuit based on lack of appellate jurisdiction by Order dated August 29, 2001; and
>
> Cooley v. English, Appeal No. 00-3196 – dismissed by the Third Circuit based on lack of appellate jurisdiction by Order dated July 12, 2000.

---

[6] Importantly, the statute does not bar disqualified inmates from filing additional lawsuits. Instead, the statute denies them "the opportunity to proceed *in forma pauperis* and requires them to pay the required filing fee" in full prior to filing the action. Brooks-Bey v. Schmerfelt, 2011 WL 1398472, at *1 (M.D. Pa. March 21, 2011).

[7] Besides the cases listed herein, Plaintiff has filed numerous other lawsuits in this federal district court, including: C.A. No. 95-61E, Cooley v. Brennan, et al (prisoner civil rights); C.A.No. 95-217E, Cooley v. Gadley (prisoner civil rights); C.A. No. 95-231E, Cooley v. Brennan (prisoner civil rights); C.A. No. 06-178E, Cooley v. City of Erie, et al (prisoner civil rights); C.A. No. 06-179E, Cooley v. WSEE-35, et al (prisoner civil rights); C.A. 07-208E, Cooley v. Sheriff Merski, et al (prisoner civil rights); C.A. No. 10-1E, Cooley v. Smeal, et al (habeas corpus); C.A.No. 10-2E, Cooley v. Smeal, et al (habeas corpus).

[8] Dismissals at the appellate level constitute § 1915(g) strikes. Campbell v. Clarke, 481 F.3d 967, 969 (7th Cir. 2007) (the dismissal of an appeal from a dismissed complaint constitutes two independent strikes).

8

Plaintiff Kelley Troy Cooley is subject to the "three strikes" rule based upon these prior filings. The statute provides that an indigent inmate may overcome the bar of the "Three Strikes Rule" if he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Third Circuit has explained that "imminent dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Furthermore, the threat of imminent danger must be prospective and cannot relate to a past incident of harm. Id. at 312. "When deciding whether an inmate meets the 'imminent danger' requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint; a showing of danger in the past is insufficient to demonstrate 'imminent danger.'" Ford v. New Jersey, 2012 WL 3114776, at *1 (D.N.J. July 31, 2012) quoting Abdul-Akbar, 239 F.3d at 312. See also Fontroy v. Owens, 2012 WL 4473216, at *1 (E.D. Pa. Sept. 28, 2012).[9]

---

[9] In determining whether the exception to the "Three Strikes" bar applies, a district court operates under the following standard of review:

> [A] court may discredit 'factual claims of imminent danger that are clearly baseless, i.e., allegations that are fantastic or delusional and rise to the level of the irrational or wholly incredible.' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) citing Denton v. Hernandez, 504 U.S. 25, 33 (1992). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32.

Brown v. City of Philadelphia, 331 Fed.Appx 898, 899 (3d Cir. 2009). However, an indigent inmate's "allegations of imminent danger must be construed liberally in his favor." Williams v. Forte, 135 Fed.Appx 520, 521 (3d Cir. 2005) citing Gibbs v. Cross. See also Gibbs v. Roman, 116 F.3d 83, 86 & n6 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar, 239 F.3d at 312 (*pro se* allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants).

Here, in his Original Complaint, Plaintiff alleged that Defendants withheld needed dental treatment and care. As a consequence of the inadequate dental treatment, Plaintiff alleged that he suffered pain, bleeding, and a foul odor from his mouth. Further, Plaintiff claimed that due to the mouth pain, he was forced to eat only soft foods and that he lost a great deal of weight. Although it was a close call, and given that I liberally construed the complaint and resolved all inferences in favor of the nonmovant, these are the factual allegations which I found sufficient to satisfy the threshold criterion of the imminent danger exception.

Generally, when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller, & Kane, <u>Federal Practice and Procedure § 1476</u> (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. <u>Id</u>. Here, Plaintiff's current Amended Complaint does not make allegations sufficient to meet the imminent danger exception in order for him to overcome the three strikes provision of the PLRA. Plaintiff's current Amended Complaint is not as detailed as the Original Complaint as to the effects of the denial of dental care. Even liberally construing the allegations of the current Amended Complaint, Defendants' motion to dismiss should be granted.[10]

### D. Improper Joinder

---

[10] Plaintiff's recent release from prison is of no moment to the analysis here. Although he is no longer under the threat of imminent danger as he presumably has access to dental care since his release, his *in forma pauperis* status is not re-evaluated based upon his change of circumstance in this regard.

Next, Defendants move to dismiss the claims and new Defendants of the current Amended Complaint which are unrelated to the original claims of denial/delay in dental care, as well as the claims arising out of activities which occurred at SCI Laurel Highlands after Plaintiff's transfer. The motion to dismiss should be granted in this regard.

Rule 18 of the Federal Rules of Civil Procedure provides that generally "a party asserting a claim … may join as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Under Rule 20 of the Federal Rules of Civil Procedure, "persons […] may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). In any action involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18. Paladino v. Newsome, 2012 WL 3315571, at * 4 (D.N.J. Aug. 13, 2012).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Id. at * 5, citing Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. Id. citing Pruden v. SCI Camp Hill, 252 Fed.Appx 436 (3d Cir. 2007). See also Hagan v. Rogers, 570 F.3d 146, 157 (3d Cir. 2009) ("In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court.").

Here, Plaintiff's claims do not satisfy the requirements of Rule 20. In his Original Complaint, Plaintiff named dentist Dr. Zewe, Facility Manager Melvin Lockett, and Carol Scire,

all employees of SCI Pittsburgh. Plaintiff alleged he had been denied adequate dental treatment from the beginning of his re-incarceration at SCI Pittsburgh in August of 2010. Plaintiff's Original Complaint painstakingly details his alleged lack of dental treatment and his attempts to get dental treatment and to exhaust a grievance on this subject, all while incarcerated at SCI Pittsburgh. The Original Complaint is dated April 15, 2011, and ends factually with Plaintiff's transfer from SCI Pittsburgh to another state correctional institution. ECF No. 3, page 15.

The current Amended Complaint raises new claims against new Defendants, as well as providing further factual allegations in support of the original claims against the original Defendants. The new claims of denial of dental treatment (while at SCI Laurel Highlands), retaliation, conspiracy to deny dental treatment, denial of parole, due process and Equal Protection violations are unrelated to the claims raised by the Original Complaint, and so should not be permitted to proceed in this action. To the extent that Plaintiff wishes to pursue these claims, he may do so by way of filing a new lawsuit.

The current Amended Complaint [ECF No. 36] will serve as the functional complaint in this case. However, all references to claims arising after Plaintiff's transfer from SCI Pittsburgh around April of 2011 should be stricken. The Clerk of Courts should be instructed to terminate Defendants Carberry, Williams, and Pitkins as parties.

### E. Proposed Third Amended Complaint

Presently pending before this Court is yet another motion to amend the complaint. ECF No. 63. In this pending motion, Plaintiff seeks to add additional Defendants as well as new claims.

Under Rule 15(a), if a plaintiff requests leave to amend a complaint before a responsive pleading is filed, "such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice or futility of amendment." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) citing Foman v. Davis, 371 U.S. 178, 182 (1962). See also Green v. Dep't of Corrections, 2012 WL 2354443 (3d Cir. June 21, 2012). Further, unless amendment would be inequitable or futile, a district court has an obligation to inform a plaintiff of his right to amend. Grayson, 293 F.3d at 108.

Based upon the lengthy docket before this Court, it would be inequitable to grant Plaintiff leave to further amend his complaint. An examination of the record reveals that Plaintiff has been granted ample opportunity to amend his pleadings since the initial filing of this case in April of 2011. Plaintiff has attempted to amend and/or supplement his pleadings in this case countless times. See ECF No. 10 (Declaration and Notarized Affidavit in Support of Plaintiff's Civil Complaint); ECF No. 23 (filed in response to the first motion, Plaintiff filed a "Proposed Amendment to the Original Complaint and Answer to the Defendant's [sic] Summary judgment" which raised new allegations against the existing Defendants and sought to name new Defendants); ECF No. 24 ("Affidavits and Exhibits in Support of Claims in this Civil Action, Original and Amended Complaints") and ECF No. 26 "Plaintiff [sic] Request to Supplement Complaint[11]; ECF No. 36 (Amended Complaint); ECF No. 49 (Exhibits in Support of Complaint); ECF No. 59 (Motion to Amend/Correct Complaint with two separate proposed complaints attached); and ECF No. 61 (Motion to Amend/Correct Complaint with two separate proposed complaints attached). In addition, this Court has repeatedly given Plaintiff legal guidance in an attempt to guide Plaintiff towards compliance with the Federal Rules of Civil

---

[11] In these two documents (ECF Nos. 23 and 26), Plaintiff raised new allegations that post-dated the filing of the Original Complaint and again sought to change the individuals named as Defendants.

Procedure.  See ECF Nos. 30, 33, and Text Orders dated April 16, 2012, May 2, 2012, and May 11, 2012.

Here, Plaintiff's undue delay in naming Defendants and identifying claims results in unfair prejudice to Defendants and/or to potential Defendants.  This case is over 18 months old and it is still in its initial stages due to Plaintiff's continued attempts to supplement and/or amend his pleadings. Accordingly, Plaintiff's motion to amend should be denied.

### III.    CONCLUSION

Based on the foregoing, it is respectfully recommended that the motion to dismiss [ECF No. 51] be granted in its entirety.  The motion to dismiss should be granted regarding Plaintiff's *in forma pauperis* status in that Plaintiff's *in forma pauperis* status should be revoked and he should be required to pay the full filing fee of $350.00 before this case is allowed to proceed any further.  In the event Plaintiff fails to pay the full filing fee, this entire case should be dismissed.

It is further recommended that the motion to dismiss [ECF No. 51] should be granted based upon the improper joinder of claims and parties in the current Amended Complaint.  While the current Amended Complaint [ECF No. 36] should serve as the functional complaint in this case, all references to claims arising after Plaintiff's transfer from SCI Pittsburgh around April 2011 should be stricken and the Clerk of Courts should be directed to terminate Carberry, Williams, and Pitkins as Defendants to this action.

It is further recommended that Plaintiff's motion for leave to file another Amended Complaint [ECF No. 63] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation in

14

accordance with the schedule established in the docket entry indicating the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 13, 2012