# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLEY TROY COOLEY,            )
                               )
    Plaintiff,             )
                               )    Civil Action No.  11-99 Erie
        v.                 )
                               )
DR. RICHARD ZEWE, et al.,      )
                               )
    Defendants.            )

## MEMORANDUM ORDER

This action was received by the Clerk of Courts on April 19, 2011 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [ECF No. 66], filed on November 13, 2012, recommended that the Defendants' Motion to Dismiss [ECF No. 51] be granted in its entirety.  Specifically, it was recommended that the Plaintiff's *in forma pauperis* status be revoked and that he be required to pay the full filing fee of $350.00 before allowing the case to proceed any further.

It was further recommended that all references to claims arising after Plaintiff's transfer from SCI Pittsburgh around April 2011 be stricken and that the Clerk of Courts be directed to terminate Carberry, Williams, and Pitkins as Defendants based upon the improper joinder of claims and parties.

Finally, the Magistrate Judge recommended that Plaintiff's Motion for Leave to file another Amended Complaint [ECF No. 63] be denied.

The parties were allowed fourteen (14) days from the date of service to file objections and no objections were filed.

1

After de novo review of the documents in the case, together with the Report and Recommendation, I agree that the Motion to Dismiss should be granted based upon the improper joinder of claims and parties in the current Amended Complaint, and that all references to claims arising after Plaintiff's transfer from SCI Pittsburgh around April 2011 be stricken. The Clerk of Courts is directed to terminate Carberry, Williams, and Pitkins as Defendants to this action. I further agree that the Plaintiff's Motion for Leave to file another Amended Complaint [ECF No. 63] should be denied.

I disagree, however, with the Magistrate Judge's conclusion regarding the Plaintiff's continued *in forma pauperis* status pursuant to the "three strikes" rule, set forth in 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). With regard to this provision, the Magistrate Judge found:

> Here, in his Original Complaint, Plaintiff alleged that Defendants withheld needed dental treatment and care. As a consequence of the inadequate dental treatment, Plaintiff alleged that he suffered pain, bleeding, and a foul odor from his mouth. Further, Plaintiff claimed that due to the mouth pain, he was forced to eat only soft foods and that he lost a great deal of weight. Although it was a close call, and given that I liberally construed the complaint and resolved all inferences in favor of the nonmovant, these are the factual allegations which I found sufficient to satisfy the threshold criterion of the imminent danger exception.
> Generally, when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller, & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular

2

> allegations to be adopted must be clear and explicit. Id. Here, Plaintiff's current Amended Complaint does not make allegations sufficient to meet the imminent danger exception in order for him to overcome the three strikes provision of the PLRA. Plaintiff's current Amended Complaint is not as detailed as the Original Complaint as to the effects of the denial of dental care. Even liberally construing the allegations of the current Amended Complaint, Defendants' motion to dismiss should be granted.

[ECF No. 66] p. 10 (footnote omitted).

The "imminent danger" requirement is determined at the time the plaintiff files his original or initial complaint, rather than at the time an amended complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*). As explained by the Third Circuit in *Adbul-Akbar*:

> Putting the phrases together, the first clause of § 1915(g) obviously means "a prisoner may not file a new civil complaint." In the ordinary sense of the words, this clause refers temporally to the time the new complaint is filed. The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. … Taking both clauses together, the statute plainly means that a prisoner is not permitted to file his complaint unless he is, at that time, under imminent danger. Viewed from the Plain Meaning Rule, we interpret "is under imminent danger" to relate to the time when "a prisoner bring[s] a civil action."

*Abdul-Akbar*, 239 F.3d at 313-14; *see also Flamer v. Dept. of Corrections*, 2011 WL 5914267 at *3 (W.D.Pa. 2011) ("Plaintiff was not permitted to proceed IFP, unless the Original Complaint revealed that Plaintiff was in imminent danger of serious physical injury, and we measure this danger as of the time the Original Complaint was filed."); *Pew v. Beard*, 2008 WL 238579 at *1 (W.D.Pa. 2008) ("imminent danger of physical injury must be assessed as of the time of filing the application for leave to proceed IFP and/or the complaint").

The district court in *Stewart v. King*, 2010 WL 1628992 (M.D.Tenn. 2010) directly addressed the issue of whether § 1915(g) required a plaintiff to face imminent danger solely when the initial complaint was filed, or also when each subsequent amended complaint was filed. Relying on *Abdul-Akbar*, the court concluded:

> In sum, § 1915(g) requires only that a prisoner be under imminent danger when he or she "bring[s] a civil action." Filing an initial complaint is synonymous with "bring[ing] a civil action," under that phrase's ordinary meaning, but filing an amended complaint is not. Accordingly, the relevant inquiry is whether the alleged danger existed when the plaintiff filed his or her initial complaint.
> Because the plaintiff properly alleged that he was facing imminent danger when he filed his Complaint in December 2008, § 1918(g) does not bar him from proceeding in forma pauperis. ...

*Stewart*, 2010 WL 1628992 at *4; *accord, Gibbs v. Ryan*, 160 F.3d 160, 163 (3d Cir. 1998) (noting that 1915(g) "was intended to apply only at the time an indigent prisoner files a complaint or an appeal, and was not intended to apply later in the course of the proceeding.").

Here, having previously concluded that the Plaintiff's factual allegations set forth in his original Complaint filed on April 19, 2011 were sufficient to satisfy the imminent danger exception, he shall be permitted to continue to proceed *in forma pauperis*.

AND NOW, this 21st day of December, 2012;

For the reasons set forth above, IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss is DENIED regarding Plaintiff's *in forma pauperis* status.

IT IS FURTHER ORDERED that the Motion is GRANTED based upon the improper joinder of claims and parties in the current Amended Complaint. IT IS FURTHER ORDERED that all references to claims arising after Plaintiff's transfer from SCI Pittsburgh around April 2011 are hereby STRICKEN and the Clerk of Courts is directed to terminate Carberry, Williams, and Pitkins as Defendants to this action.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to file another Amended Complaint [ECF No. 63] is DENIED.

The Report and Recommendation [ECF No. 66] of Magistrate Judge Baxter, filed on November 13, 2012, is adopted as the opinion of the Court with the exception of the *in forma pauperis* issue.

                                                      s/   Sean J. McLaughlin
                                                              United States District Judge

cm:    All parties of record
        Susan Paradise Baxter, U.S. Magistrate Judge