IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLEY TROY COOLEY, | ) | |
| Plaintiff, | ) | Civil Action No. 11-99JOHNSTOWN |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| DR. RICHARD ZEWE, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [ECF No. 71] be granted and that the Clerk of Courts be directed to terminate the Correctional Bureau of Healthcare Services and the Pennsylvania Department of Corrections as parties to this action.

**II.     REPORT**

**A.     Relevant Background**

Plaintiff Kelley Troy Cooley, formerly an inmate[1] incarcerated within the State Correctional System of Pennsylvania, presented this civil rights complaint in April of 2011. Originally named as Defendants to this action were: dentist Dr. Richard Zewe; Facility Manager Melvin Lockett; Jane Doe Dental Assistant; and Carole Scire, Superintendent Assistant/Grievance Coordinator, all of SCI-Pittsburgh. Additionally, Plaintiff later named the Correctional Bureau of Health Care Services; John Wetzel, the Corrections Secretary; the

---

[1] Plaintiff was incarcerated on the date he filed this action, but has since been released from prison.

1

Correctional Physician Service, Inc.; and the Pennsylvania Department of Corrections as Defendants. In his Amended Complaint, Plaintiff alleges that beginning around August of 2010 and extending through April 15, 2011, Defendants violated his constitutional rights by failing to provide him with proper dental treatment during his incarceration at SCI-Pittsburgh. Plaintiff seeks relief under § 1983, as well as the Americans with Disabilities Act. As relief, Plaintiff seeks monetary, declaratory, and injunctive[2] relief. See ECF No. 36, Amended Complaint.

Defendants have filed a partial motion to dismiss based upon Eleventh Amendment immunity. ECF No. 71. Plaintiff has filed a Brief in Opposition. ECF No. 74. These issues are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a

---

[2] Plaintiff's request for injunctive relief has become moot since his release from prison.

complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(1)

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed.Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir.1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 3000 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir.

2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.

### C. Eleventh Amendment Immunity

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978). It is well-settled that the DOC, which administers all state correctional institutions including SCI-Pittsburgh, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the Department of Corrections and its respective institutions, including SCI Pittsburgh, are also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D. Pa.).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D.Pa.) nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). See also 42 Pa.C.S. § 8521(b); Chittister v. Dep't of Community & Economic Development, 226 F.3d 223, 226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity. See 1 Pa.Cons.Stat.Ann. § 2310 (West Supp. 2000) ( "[I]t is hereby declared to be the intent of

the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")").[3]

In his Opposition Brief, Plaintiff argues that Eleventh Amendment immunity does not apply to this case because he is suing under the Americans with Disabilities Act and the Rehabilitation Act which provide exceptions to the Commonwealth's immunity under the Eleventh Amendment.[4] Although Plaintiff mentions the ADA in his Amended Complaint (see ECF No. 36, pages 1, 26) (but not the Rehabilitation Act), he has not even begun to state a plausible claim for relief under the statute. His mere recitation of the title of a statute in the complaint is not enough to state a claim thereunder.

Accordingly, the partial motion to dismiss should be granted and the Correctional Bureau of Healthcare Services and the Pennsylvania Department of Corrections should be dismissed as parties to this action.

## III. CONCLUSION

Based on the foregoing, it is respectfully recommended that the motion to dismiss [ECF No. 71] be granted and that the Clerk of Courts be directed to terminate the Correctional Bureau of Healthcare Services and the Pennsylvania Department of Corrections as parties to this action.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the

---

[3] Additionally, neither Defendant Correctional Bureau of Healthcare Services nor the Pennsylvania Department of Corrections are a "person" as defined under § 1983 and thus, cannot be sued under that statute. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

[4] Plaintiff does not argue that these Defendants are not immune from his § 1983 claim.

5

objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 4, 2012