# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLEY TROY COOLEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-99JOHNSTOWN |
| | ) | |
|     v. | ) | District Judge Fischer |
| | ) | |
| DR. RICHARD ZEWE, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

By separate Order filed this day, the motion for summary judgment [ECF No. 80] is dismissed as moot in light of the Report and Recommendation.

**II.    REPORT**

    **A.    Relevant Background**

Plaintiff Kelley Troy Cooley, formerly an inmate[1] incarcerated within the State Correctional System of Pennsylvania, presented this civil rights complaint in April of 2011. Originally named as Defendants to this action were: dentist Dr. Richard Zewe; Facility Manager Melvin Lockett; Jane Doe Dental Assistant; and Carole Scire, Superintendent Assistant/Grievance Coordinator, all of SCI-Pittsburgh. Additionally, Plaintiff later named the Correctional Bureau of Health Care Services; John Wetzel, the Corrections Secretary; the

---

[1] Plaintiff was incarcerated on the date he filed this action, but has since been released from prison.

1

Correctional Physician Service, Inc.; and the Pennsylvania Department of Corrections as Defendants. In his Amended Complaint, Plaintiff alleges that beginning around August of 2010 and extending through April 15, 2011, Defendants violated his constitutional rights by failing to provide him with proper dental treatment during his incarceration at SCI-Pittsburgh. Plaintiff seeks relief under § 1983, as well as the Americans with Disabilities Act.

Initially, Plaintiff sought leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915 and this Court granted that motion. ECF No. 1. Thereafter, Defendants, through the Office of the Attorney General, filed a motion to dismiss arguing that Plaintiff should be precluded from prosecuting this case *in forma pauperis* under the "Three Strikes Rule." ECF No. 18. In response to the motion to dismiss filed by Defendants, Plaintiff filed a "Proposed Amendment to the Original Complaint and Answer to the Defendant's [sic] Summary judgment" which raised new allegations against the existing Defendants and sought to name new Defendants. ECF No. 23. Plaintiff also filed "Affidavits and Exhibits in Support of Claims in this Civil Action, Original and Amended Complaints" (ECF No. 24) and "Plaintiff [sic] Request to Supplement Complaint (ECF No. 26). In these two documents, Plaintiff raised new allegations that post-dated the filing of the Original Complaint and again sought to change the individuals named as Defendants to this action.

By Report and Recommendation filed December 9, 2011, this Court concluded that Plaintiff was subject to the three-strikes rule of the Prison Litigation Reform Act, but nevertheless recommended the denial of the motion to dismiss as Plaintiff had set forth allegations sufficient to satisfy the threshold criterion of the "imminent danger" exception. ECF No. 30. The Report and Recommendation further explained that Plaintiff should be allowed to

file a single all-inclusive Amended Complaint, but that Plaintiff would not be permitted to "supplement" the complaint multiple times with an ongoing narrative of events. Id.

District Judge Sean J. McLaughlin adopted the Report and Recommendation as the opinion of the Court. ECF No. 32. Thereafter, Plaintiff was directed to file a single comprehensive Amended Complaint. ECF No. 33. Plaintiff was warned that the Amended Complaint must list all of the Defendants against whom Plaintiff wished to proceed and should contain all of the factual and legal allegations. Id.

Plaintiff's Amended Complaint was filed on January 23, 2012. ECF No. 36. However, contrary to this Court's specific directive, in addition to the previously named Defendants, Plaintiff added three individuals from SCI Laurel Highlands as Defendants to the lawsuit: dentist Dr. Jeffery Carberry; dental assistant Hattie Williams, and former Superintendent David Pitkins. Besides providing a continuing narrative about the alleged inadequacy and delay regarding his dental care, Plaintiff also added new unrelated claims including retaliation, denial of parole, conspiracy, discrimination, and violations of the Equal Protection and Due Process Clauses.

In response to the Amended Complaint, Defendants filed a motion to dismiss seeking the revocation of Plaintiff's *in forma pauperis* status based upon his status as a "three striker," as well as seeking the dismissal of some of the new claims and new parties based upon improper joinder. By Report and Recommendation filed November 13, 2012, I recommended that:

> The motion to dismiss should be granted regarding Plaintiff's *in forma pauperis* status in that Plaintiff's *in forma pauperis* status should be revoked and he should be required to pay the full filing fee of $350.00 before this case is allowed to proceed any further. In the event Plaintiff fails to pay the full filing fee, this entire case should be dismissed.
>
> It is further recommended that the motion to dismiss [ECF No. 51] should be granted based upon the improper joinder of claims and parties in the current Amended Complaint. While the current Amended Complaint [ECF No. 36] should serve as the functional complaint in this case, all references to claims

3

arising after Plaintiff's transfer from SCI Pittsburgh around April 2011 should be stricken and the Clerk of Courts should be directed to terminate Carberry, Williams, and Pitkins as Defendants to this action.

It is further recommended that Plaintiff's motion for leave to file another Amended Complaint [ECF No. 63] be denied [based on futility and undue delay].

ECF No. 66.

Thereafter, District Judge McLaughlin declined to adopt the Report and Recommendation as to the revocation of Plaintiff's *in forma pauperis* status, but adopted the Report and Recommendation dismissing the new claims and new parties based upon their improper joinder. ECF No. 67.

By Scheduling Order of this Court, motions for summary judgment were due by March 18, 2013, and oppositions thereto were due by April 8, 2013. See Text Order dated December 26, 2012. Defendants filed a timely motion for summary judgment. ECF No. 80. Defendants moved for summary judgment on the basis that Defendants did not exhibit deliberate indifference to Plaintiff's serious medical/dental needs. In support of the motion for summary judgment, Defendants have produced medical evidence which demonstrates that Plaintiff was routinely seen by dentists and that Plaintiff's dental needs, consisting of three small cavities, were not urgent or serious. ECF No. 83-2.

This Court issued a response order directing that Plaintiff file a brief in opposition to the motion for summary judgment before April 23, 2013. ECF No. 84. As of today's date, Plaintiff has failed to file an opposition to the motion for summary judgment.

### B.     *Poulis* Analysis

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. 2011). In

order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010) citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

Applying the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter. Plaintiff is proceeding *pro se* and therefore bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.). Defendants in this action have been prejudiced by Plaintiff's history of dilatoriness in the repeated failure to comply with Court orders, as well as the multiple attempts to amend the complaint.[2] Alternative sanctions, such as monetary penalties, are generally

---

[2] An examination of the docket reveals that Plaintiff has been granted ample opportunity to amend his pleadings since the initial filing of this case in April of 2011. Plaintiff has attempted to amend and/or supplement his pleadings in this case countless times. See ECF No. 10 (Declaration and Notarized Affidavit in Support of Plaintiff's Civil Complaint); ECF No. 23 (filed in response to the first motion, Plaintiff filed a "Proposed Amendment to the Original Complaint and Answer to the Defendant's [sic] Summary judgment" which raised new allegations against the existing Defendants and sought to name new Defendants); ECF No. 24 ("Affidavits and Exhibits in Support of Claims in this Civil Action, Original and Amended Complaints") and ECF No. 26 "Plaintiff [sic] Request to Supplement Complaint ECF No. 36 (Amended Complaint); ECF No. 49 (Exhibits in Support of Complaint); ECF No. 59 (Motion to

inappropriate with indigent parties.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).[3]

### III.   CONCLUSION

Based on the foregoing, it is respectfully recommended that that this case be dismissed due to Plaintiff's failure to prosecute.

By separate Order filed this day, the motion for summary judgment [ECF No. 80] is dismissed as moot in light of the Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

Amend/Correct Complaint with two separate proposed complaints attached); and ECF No. 61 (Motion to Amend/Correct Complaint with two separate proposed complaints attached).  See also ECF Nos. 23 and 26, wherein Plaintiff raised new allegations that post-dated the filing of the Original Complaint and again sought to change the individuals named as Defendants.  In addition, this Court has repeatedly given Plaintiff legal guidance in an attempt to guide Plaintiff towards compliance with the Federal Rules of Civil Procedure.  See ECF Nos. 30, 33, and Text Orders dated April 16, 2012, May 2, 2012, and May 11, 2012.

[3] Additionally, the defense set forth and supported by Defendants appears to be meritorious, especially in light of Plaintiff's failure to produce any contrary evidence.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 11, 2013